# EXHIBIT 1

## Terry Grimes

| | |
|---|---|
| **From:** | Brittany Haddox |
| **Sent:** | Monday, January 28, 2019 10:11 AM |
| **To:** | PamelaS@vawd.uscourts.gov |
| **Cc:** | EllaS@vawd.uscourts.gov; rhardy@oag.state.va.us; RobinB@vawd.uscourts.gov; Terry Grimes; Tracy Mirzayan |
| **Subject:** | RE: 1:18-cv-00031-MFU-PMS Carmack v. Commonwealth of Virginia et al |
| **Attachments:** | Judge Sargent Letter 1.28.19.PDF |

Attached please find plaintiff's position with respect to the discovery issues to be discussed today.

Thank You,

Brittany Haddox, Esq.
Grimes & Haddox, P.C.
bhaddox@terryngrimes.com
320 Elm Avenue, SW
Roanoke, Virginia 24016
540-982-3711, Ext. 311
540-345-6572 facsimile

NOTICE: This message and its attachments are confidential and may be protected by the attorney/client privilege. If you have received this message in error, please notify the sender immediately by email and delete and destroy this message and all attachments.

---

**From:** Brittany Haddox
**Sent:** Friday, January 25, 2019 11:02 AM
**To:** 'PamelaS@vawd.uscourts.gov'
**Cc:** EllaS@vawd.uscourts.gov; rhardy@oag.state.va.us; RobinB@vawd.uscourts.gov; Terry Grimes; Tracy Mirzayan
**Subject:** RE: 1:18-cv-00031-MFU-PMS Carmack v. Commonwealth of Virginia et al

Wonderful, thank you for your help.  I will work with Mr. Hardy to e-mail you a short summary of the issues prior to the call. If you need anything further, please let me know.

Thank You,

Brittany Haddox, Esq.
Grimes & Haddox, P.C.
bhaddox@terryngrimes.com
320 Elm Avenue, SW
Roanoke, Virginia 24016
540-982-3711, Ext. 311
540-345-6572 facsimile

NOTICE: This message and its attachments are confidential and may be protected by the attorney/client privilege. If you have received this message in error, please notify the sender immediately by email and delete and destroy this message and all attachments.

-----Original Message-----
From: PamelaS@vawd.uscourts.gov [mailto:PamelaS@vawd.uscourts.gov]
Sent: Friday, January 25, 2019 10:59 AM

To: Brittany Haddox
Cc: EllaS@vawd.uscourts.gov; rhardy@oag.state.va.us; RobinB@vawd.uscourts.gov; Terry Grimes; Tracy Mirzayan
Subject: RE: 1:18-cv-00031-MFU-PMS Carmack v. Commonwealth of Virginia et al

I have no problem conducting an informal conference call before the filing
of any discovery motion, and we can proceed Monday with that understanding.
I just had information given to me that counsel would file a motion.  There
is no need to file the motion if I am simply getting involved to see if I
can help counsel resolve the issue. Thanks.

Pamela Meade Sargent, USMJ
180 W. Main Street, Room 123
Abingdon, VA  24210
276/628-6021
pamela_sargent@vawd.uscourts.gov

LAW OFFICE

# GRIMES & HADDOX, P.C.

FRANKLIN COMMONS
320 ELM AVENUE, SW
ROANOKE, VIRGINIA 24016-4002

**TERRY N. GRIMES, ESQUIRE**
*tgrimes@terryngrimes.com*

**TELEPHONE 540.982.3711**
**FACSIMILE  540.345.6572**

**BRITTANY M. HADDOX, ESQUIRE**
*bhaddox@terryngrimes.com*

January 25, 2019

> Re:   *William D. Carmack v. Commonwealth of Virginia, et al.*
>         Civil action No. 1:18cv00031

Dear Judge Sargent:

Thank you for agreeing to help the parties work through a few issues that have arisen with defendant's discovery responses to plaintiff. Below please find a summary of the issues for the teleconference scheduled for Monday, January 28, 2019 at 1:30 P.M.

## Plaintiff's Summary

In short, plaintiff, Duffy Carmack, has alleged that he was the Chief Financial Officer of the Southwest Virginia Higher Education Center from August 1, 2012 until Executive Director David Matlock used the Workforce Transition Act to "eliminate" his job in January 2018 due to either his complaints concerning fraud, waste, and abuse or his political affiliation (Carmack was also the Chief Executive Officer of the Southwest Virginia Higher Education Center Foundation and the "elimination" of his job at the Center also removed him from the CEO position at the Foundation).[1] The details of why Carmack's submits that his job was eliminated on these bases may be found in his amended complaint [ECF 38]. Plaintiff will not set forth all of them here, but one issue that plaintiff will draw to the Court's attention is that part of his fraud, waste, and abuse reports were related to hiring individuals into positions without posting jobs (ECF 38, ¶14(d)), improperly overpaying certain individuals (ECF 38, ¶14(b)), and improperly giving employees access to confidential employee information (ECF 38, ¶14(g)).

Continuing, plaintiff has alleged that the only other positions that were "eliminated" along with his position were two individuals who had already planned to retire. Carmack has further alleged that the alleged financial concerns upon which Matlock relied on to "eliminate" his job were unfounded and that the CFO position cannot be eliminated from the Center. In addition, plaintiff has alleged that Matlock has moved a lot of other employees around, into departments that they have no experience in, given them raises, and created new jobs, all while claiming there is a budget shortfall that caused Carmack's job to have to be eliminated.

---

[1] As is clear, plaintiff maintains that he was fired. However, defense disagrees and asserts that he was laid off. In any event, the Workforce Transition Act, rightly or wrongly, was used to accomplish Carmack no longer working at the Center or Foundation.

With this background, plaintiff sought in discovery information about the positions that have been created during the last five years,[2] positions that have been eliminated during the last five years, information about employees receiving additional duties and promotions since Carmack's job was "eliminated," and then some documentation from the relevant employees' personnel files to show that they were not qualified for the position that they were put into, to show how the various job descriptions have changed, and to get documentation concerning the promotions, raises, and so forth that these employees have received.

The relevant requests are summarized below:

- **Interrogatory 12 and Request for Production 12:** A list of all employment positions during the last 5 years, including the date any new positions were created and the date any positions no longer existing were eliminated.
- **Interrogatory 13 and Request for Production 36:** A list of all employees who have received promotions or additional duties since plaintiff's employment was terminated, along with the details of those promotions or additional duties and the date upon which they were received.
- **Request for Production 41:** The personnel files and records reflecting credentials for Adam Tolbert, Hannah Heitala, Sonya Vanhook, Jeff Webb, Eli Heitala, and Debbie Hensley.
  - <u>Plaintiff has attempted to narrow her request as follows:</u> In order to identify documents in their personnel file that reflect their credentials, plaintiff would need a list of what is in each personnel file. But, based on what would typically be in a personnel file, their resume, application, interview notes, any letters of recommendation, and documents related to paying for these individuals to obtain a degree would be a good start. And, given plaintiff's political affiliation claim, to the extent that any documents reflect these individuals' political affiliations or have information relevant to their political affiliation, they likewise would be relevant and discoverable. And, to the extent that the files contain any documents relevant to Interrogatory 13 and Request for Production 36 (salary, pay raises, promotions, extra duties assigned), those would also be relevant and discoverable. And, to the extent that the files contain any documents relevant to the creation of new positions for these individuals, those would also be relevant and discoverable.

And, finally, in Request for Production 14 plaintiff sought fundraising records related to the Center based on ECF 38, ¶14(e) and ECF 38, ¶14(h). Plaintiff has some documentation related to these fundraising efforts based on the ESI search that the parties agreed to. However, defendant refuses to produce anything else. If defendant is aware of other records, such as handwritten notes, text messages, or "smoking gun" type emails that were not captured by the ESI search, those records would be discoverable.

We look forward to speaking with you today.

---

[2] Five years was chosen because David Matlock was hired as the Executive Director in 2015, and therefore plaintiff attempted to get a limited set of information related to how things were before he came, plus the entire timeframe that he has been employed.

Respectfully submitted,

GRIMES & HADDOX, P.C.

Brittany M. Haddox