# EXHIBIT 6

IN THE
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ABINGDON DIVISION

| | | |
|---|---|---|
| WILLIAM D. CARMACK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) Case No. 1:18-cv-00031 | |
| | ) | |
| COMMONWEALTH OF VIRGINIA ET AL, | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIRST SET OF INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS

Defendants, the Commonwealth of Virginia, the Southwest Virginia Higher Education Center ("SWVHEC" or "the Center"), and David N. Matlock, by counsel respond with responses and objections to the October 17, 2018 discovery received from Plaintiff William D. Carmack. Objections are made as allowed by Rules 26 through 37 of the Federal Rules of Civil Procedure, the Local Rules, and applicable cases.

## PRELIMINARY STATEMENT

1.       Defendants shall withhold from each discovery response information that is protected from discovery by attorney-client privilege, the work product doctrine, or that it otherwise protected from disclosure under the Federal Rules of Civil Procedure, the Federal Rules of Evidence, and the relevant statutory or case law. All such objections shall be made specifically where applicable. If, after reasonable investigation, a supplemental response would include relevant evidence that is protected from disclosure, any prior response shall not operate as a waiver of any privilege.

1

2.      Defendants shall respond to each Interrogatory and Request for Production of Document ("RFP") using the ordinary meaning of such terms or phrases.  Defendants will not attribute any special or unusual meaning to any technical terms or phrases.

3.      A partial response by Defendant to any Interrogatory or RFP that has been objected to in whole or in part is not a waiver of the objection.  By asserting various objections, Defendants do not waive other objections that may become applicable.

## SPECIFIC RESPONSES AND OBJECTIONS TO INTERROGATORIES

1.      Identify the person or persons answering these interrogatories or who contributed information used in answering these interrogatories, and for each such person, provide the relationship with defendants.

**OBJECTION:**      None.

**ANSWER:**      David Matlock

2.      Identify plaintiff's supervisor(s) and manager(s) during his employment with Southwest Virginia Higher Education Center (hereinafter "SWVHEC") and state the date(s) of service with respect to each.

**OBJECTION:**      None.

**ANSWER:**

August 2012 – June 30, 2015: Dr. Rachel Fowlkes.

July 1, 2015 - November 1, 2015: Board of Directors, Kevin Crutchfield, Director.

November 2, 2015 – January 21, 2018: David Matlock.

3.      Identify all individuals who have made complaints or raised concerns regarding David Matlock to defendants, and for each person identified, provide the date and substance of the complaint or concern.

2

**OBJECTION:** Defendants object to Interrogatory No. 3 on the basis that it is overbroad and seeks irrelevant information beyond the scope of the Complaint. Defendants are obliged to provide "discovery of nonprivileged matter relevant to a party's claims or defenses and proportional to the needs of the case." Rule 26(b)(1). This interrogatory refers to "complaints" and the ambiguous "concerns" rather than "the Complaint," taking the inquiry outside of the subject matter and needs of the case. As currently worded, Interrogatory No. 3 would require Defendants to seek out every past/current SWVHEC employee and affiliate to determine whether a complaint had been made against Plaintiff. The lack of clarity in Interrogatory No. 3 would make this task overly burdensome and not proportionate to the needs of the case.

**ANSWER:** In light of the foregoing objections, Defendants have no response to Interrogatory No. 3.

4. Identify all persons who have knowledge of the facts concerning the claims or defenses at issue in this lawsuit, and provide a brief description of that knowledge.

**OBJECTION:** None.

**ANSWER:**

5. Have defendants, their agents or employees obtained any oral, written or recorded statements concerning the facts or events related in the complaint, and, if so, please state:

(a) the name, present address and place of employment of any person having possession of such statements;

(b) the name, present address and place of employment of any person making or giving such statements; and,

(c) the name, present address and place of employment of the person to whom such oral, written or recorded statement was given.

3

**OBJECTION:**       Defendants object to Interrogatory No. 5 to the extent that it seeks protected attorney-client and work product.   Because Interrogatory No. 5 does not restrict information regarding the allegations since the filing of the Complaint, such communications would involve communications with counsel, which would include the mental impressions, conclusions, opinions, and legal theories of the attorney. *Hickman v. Taylor*, 329 U.S. 495 (1947).

**ANSWER:**       In light of the foregoing objections, Defendants have no response to Interrogatory No. 5.

6.     Identify all witnesses defendants intend to call at trial of this matter or upon whose testimony defendants intend to rely in support of any motion for summary judgment.

**OBJECTION:**       Defendant objects to Interrogatory No. 6 on the basis that any exchange of witnesses is premature in light of the Scheduling Order, which requires such disclosure 21 days prior to trial.  (Dkt. No. 23 at ¶ 18.)  Moreover, any demand that Defendants produce information related to summary judgment prior to such filing would divulge the mental impressions, conclusions, opinions, and legal theories of counsel, which is protected work product. *Hickman v. Taylor*, 329 U.S. 495 (1947).

**ANSWER:**       In light of the foregoing objections, Defendants have no response to Interrogatory No. 6.

7.     Identify all witnesses defendants intend to call as experts at trial of this matter. With respect to each witness, provide the opinions of said witnesses and the facts that support each opinion.

**OBJECTION:**       Defendant objects to Interrogatory No. 7 on the basis that any exchange of expert witnesses is premature in light of the Scheduling Order, which requires such disclosure on

December 27, 2018. (Dkt. No. 23 at 1.) Any demand that Defendants produce such information prior to the Court-ordered deadline would divulge the mental impressions, conclusions, opinions, and legal theories of counsel, which is protected work product. *Hickman v. Taylor*, 329 U.S. 495 (1947).

**ANSWER:**          In light of the foregoing objections, Defendants have no response to Interrogatory No. 7.

8.      Identify each individual who participated in the decision to terminate plaintiff's employment, including each individual consulted and/or who provided information relating to the decision to terminate plaintiff's employment, and describe in detail the information provided by each individual.

**OBJECTION:**          Defendants object to Interrogatory No. 8 to the extent that it characterizes Plaintiff's separation from employment at the Center as a "termination." Any response by Defendants to Interrogatory No. 8 in no way concedes that Plaintiff was terminated when, in fact, his position was eliminated due to agency restructuring and he was provided full benefits of such elimination pursuant to the Virginia Workforce Transition Act ("WTA").

**ANSWER:**

9.      Identify all individuals who have made complaints concerning the plaintiff to defendants, and provide the date and substance of the complaint.

**OBJECTION:**          Defendants object to Interrogatory No. 9 on the basis that it seeks irrelevant information beyond the scope of the Complaint. Rule 26(b)(1). As alleged and uncontested, Carmack was not discharged for misconduct, so the complaints of individuals about Carmack would not have any bearing on the case.

**ANSWER:**          In light of the foregoing objections, Defendants have no response to Interrogatory No. 9.

10.      Identify and describe in detail any report, complaint and/or allegation made or filed against SWVHEC or any of its representatives by any current or former employee regarding concerns of organizational integrity, or alleging that SWVHEC or any of its representatives engaged in misconduct, improprieties, policy violation, or retaliation during the past five years. This interrogatory includes, but is not limited to, all complaints filed with any agency or in any court alleging retaliatory conduct or violations of the Virginia Fraud and Abuse Whistle Blower Protection Act, Va. Code § 2.2-3009, *et seq.* (1950).

**OBJECTION:**      Defendants object to Interrogatory No. 10 on the basis that it is vague and does not give Defendants a reasonable basis to form an answer.  Defendants further object because the phrase "report, complaint and/or allegation made or filed against SWVHEC," takes the matter outside the scope of permissible discovery under Rule 26(b)(1).  The primary issues in this case are whether Plaintiff's speech was protected under the First Amendment—which focuses on the speech of the plaintiff and not third parties—and whether Defendants ended Plaintiff's employment because of that speech.  Other complaints made against the Center are irrelevant.   Third, the phrase "or any of its representatives," is unclear.  Fourth, "misconduct, improprieties, policy violation, or retaliation," is beyond the scope of what the Complaint alleges and so all-encompassing as to make an accurate response impossible, or disproportionate.  Fifth, "five years," is disproportionate to the issues arising in this matter since David Matlock commenced as SWVHEC Director in October 2015.   Sixth, the interrogatory requires Defendants to make a legal determination as to "violations of the Virginia Fraud and Abuse Whistle Blower Protection Act [FWAWPA]."  Sixth, the Complaint, in the aftermath of the

6

Court's Order, Dkt. 31, does not involve FWAWPA, hence the inquiry is barred by Rule 26(b)(1).

**ANSWER:**      In light of the foregoing objections, Defendants have no response to Interrogatory No. 10.

11.    Please identify each and every individual, regardless of title, employed by SWVHEC during the period of time beginning one year prior to plaintiff's employment through the present date who performed the job duties performed by plaintiff, including but not limited to stating who performed plaintiff's job duties after his employment was terminated.

**OBJECTION:**      Defendants object to Interrogatory No. 11 because it seeks information that is irrelevant to Plaintiff's speech-related claims. Rule 26(b)(1).   A First Amendment retaliation claim focuses on the speech of the plaintiff.   Evidence of "similarly-situated" individuals is irrelevant to this analysis.  Further, Defendant objects to Interrogatory No. 11 to the extent that it characterizes Plaintiff's separation from employment at the Center as a "termination.  See objection to Interrogatory No. 8.

**ANSWER:**      Subject to the limitations identified in the foregoing objections, Kimberly C. (Chris) Fields, the Director of Finance & Legislative Affairs (03/25/2007 – 05/22/2012) and Budget Manager (03/01/1996 – 3/24/2007) was the person immediately employed prior to Plaintiff's arrival at the Center holding a similar position.   Since the plaintiff's departure, financial matters have been handled primarily by Deborah Hensley (Director of Finance). Matters involving the Foundation have been handled by Alicia Young (Fiscal Tech Senior) and David Matlock (Executive Director).   Matters related to state budgeting and capital building programs have been handled by Deborah Hensley and David Matlock.  Patricia Ball also began

supervising one employee related to the Tobacco Scholarship/Loan program that previously reported to Plaintiff.

12.    Identify all employment positions at the SWVHEC during the last five years, including the date any new positions were created and the date any positions no longer existing were eliminated.

**OBJECTION:**    Defendants object to Interrogatory No. 12 because it seeks information that is irrelevant to Plaintiff's speech-related claims.  Rule 26(b)(1). Moreover, "five years," is disproportionate to the issues arising in this matter since David Matlock commenced as SWVHEC Director in October 2015.  A retaliatory discharge claim focuses on the motivations of the decision-maker, thus information in existence prior to Matlock's tenure at the Center is irrelevant.

**ANSWER:**    Subject to the limitations identified in the foregoing objections, position numbers R1492 (William Carmack), R1906 (Joyce Brooks), and C3396 (Janet Williams) were abolished as a result of the Workforce Transition Act (WTA) plan.

13.    Identify all employees at the SWVHEC who have received promotions or additional duties since plaintiff's employment was terminated, including identifying the promotion and/or additional duties received.

**OBJECTION:**    Defendants object to Interrogatory No. 13 on the basis that it seeks irrelevant information.  Defendants are obliged to provide "discovery of nonprivileged matter relevant to a party's claims or defenses and proportional to the needs of the case." Rule 26(b)(1). Plaintiff's claims contain no allegations related to the promotion of other individuals.  Further, Defendants objects to Interrogatory No. 13 to the extent that it characterizes Plaintiff's separation from employment at the Center as a "termination."  See objection to Interrogatory No. 8.

**ANSWER:**　　　　In light of the foregoing objections, Defendants have no response to Interrogatory No. 13.

14.　　Do defendants have a chief compliance officer or other employee whose job duties include enacting, enforcing and evaluating anti-retaliation policies and programs?  If so, identify the officer or employee providing his/ her name and title.

**OBJECTION:**　　None.

**ANSWER:**　　　　SWVHEC does not presently employ a chief compliance officer whose duties include enacting, enforcing and evaluating anti-retaliation policies and programs. However, Defendants used the human resource department of the University of Virginia whenever an issue of compliance with state laws, regulations or policies arose.  Defendants followed applicable University policies related to human resources and payroll. Applicable Commonwealth of Virginia policies in respect to classified staff also applied.  Procedures for reporting perceived workplace harassment, retaliation, discrimination were posted on the UVA HR web site at www.hr.virginia.edu. Many UVA personnel policies were also available at https://uvapolicy.virginia.edu/. The Virginia Department of Human Resource Management (DHRM) also lists information about procedures and reporting complaints on its web site at http://www.dhrm.virginia.gov/. The Office of the State Inspector General (OSIG) also has conducted publicity and sent routine emails to all employees with work email addresses on file in the state systems about methods to report perceived violations of state law or policy in agencies.

15.　　How many persons were employed by SWVHEC at the time plaintiff's employment was terminated?

**OBJECTION:**          Defendant objects to Interrogatory No. 15 to the extent that it characterizes Plaintiff's separation from employment at the Center as a "termination.   See objection to Interrogatory No. 8.

**ANSWER:**          Subject to the foregoing objections, SWVHEC employed 43 individuals consisting of 25 salaried positions and 18 wage/hourly positions.

16.     Identify by name, job title, last known address and telephone number each person removed from service, or whose position was eliminated from any higher education center in the Commonwealth of Virginia as a result of the application of the Workforce Transition Act ("WTA") during the last five years.   For each person identified, provide the reason for the removal/job elimination (e.g., budget reduction, agency reorganization, workforce down-sizing, or other cause).

**OBJECTION:**          Defendants object to Interrogatory No. 16 on the basis that it seeks information over which it does not have possession or control.   Defendants are obliged to provide "discovery of nonprivileged matter relevant to a party's claims or defenses and proportional to the needs of the case." Rule 26(b)(1).   Defendants do not have information concerning "any higher education center in the Commonwealth of Virginia."   Information related to "any higher education center" is disproportionate to the needs of the case because only the Center was Plaintiff's employer.   It is irrelevant how other higher education centers, which have different needs, workforces, budgets, and legal relationships to the Commonwealth have applied the WTA.

**ANSWER:**          In light of the foregoing objections, Defendants have no response to Interrogatory No. 16.

## SPECIFIC RESPONSES AND OBJECTIONS TO REQUEST FOR PRODUCTION OF DOCUMENTS

1.     Provide copies of defendants' workplace policies or guidelines in effect from August 1, 2012 to the present that address employee channels for reporting concerns of misconduct and/or organizational integrity, whistleblowing, retaliation, and discipline, including but not limited to a complete copy of all employee handbooks in effect during that the requested timeframe.

**OBJECTION:**     None.

**ANSWER:**     The policies and procedures that are responsive to RFP No. 1 are available online at:

https://hr.virginia.edu/employee-relations

http://www.virginia.edu/statementofpurpose

http://uvapolicy.virginia.edu/policy/HRM-010

https://www.dhrm.virginia.gov/hrpolicies

http://www.dhrm.virginia.gov/employmentdisputeresolution

http://www.dhrm.virginia.gov/docs/default-source/hr/manuals/employeehandbook.pdf?sfvrsn=8

http://www.osig.virginia.gov

2.     Provide the personnel, health insurance, or any other files of William D. Carmack, in any form, including any files maintained by the plaintiff's supervisor(s), manager(s), or defendants' human resource representative(s), and all other documents (including all company internal memoranda) concerning or pertaining to plaintiff's employment, including but not limited to documents reflecting plaintiff's duties, job performance, records of employment actions, attendance records, health and medical data, payroll information, records of misconduct or violations of company rules, and formal disciplinary action(s) or corrective measure(s) taken.

11

**OBJECTION:**          None.

**ANSWER:**          See the documents Bates Stamped SWV000054 – SWV000115, which have been marked as CONFIDENTIAL.

3.          Provide all documents relating to the complaint(s), investigation(s) thereof, and corrective action(s) taken thereafter identified in response to Interrogatory 3, including **but not limited to** all internal investigative files.

**OBJECTION:**          Defendants object to RFP No. 3 on the basis that it is overbroad and seeks irrelevant information beyond the scope of the Complaint.  Defendants are obliged to provide "discovery of nonprivileged matter relevant to a party's claims or defenses and proportional to the needs of the case."  Rule 26(b)(1).  Defendants incorporate by reference the objections related to Interrogatory No. 3.

**ANSWER:**          In light of the foregoing objections, Defendants have no response to RFP No. 3.

4.          Provide all documents relating to the complaint(s), investigation(s) thereof, and corrective action(s) taken thereafter identified in response to Interrogatory 9.

**OBJECTION:**          Defendants object to RFP No. 4 on the basis that it is overbroad and seeks irrelevant information beyond the scope of the Complaint.  Defendants are obliged to provide "discovery of nonprivileged matter relevant to a party's claims or defenses and proportional to the needs of the case."  Rule 26(b)(1).   Defendants incorporate by reference the objections related to Interrogatory No. 9.  Further, information related "corrective actions" is irrelevant because the Complaint does not make such allegations.

**ANSWER:**          In light of the foregoing objections, Defendants have no response to RFP No. 4.

5.      Provide all documents that may be offered into evidence at trial of this matter, which may be used as demonstrative or illustrative evidence during depositions or at trial of this matter, or upon which defendants may rely in preparation of a motion for summary judgment.

**OBJECTION:**      Defendants object to RFP No. 5 on the basis that it is premature. The Scheduling Order requires the parties to exchange trial exhibits 21 days prior to trial. (Dkt. No. 23 at ¶ 18.) Any premature disclosure of exhibits invades the work product privilege.

**ANSWER:**      In light of the foregoing objections, Defendants have no response to RFP No. 5.

6.      Perform an ESI search of all relevant employees' email accounts, including but not limited to David Matlock, Jeff Webb, Joe Mitchell, Adam Tolbert and defendants' human resource employees, and provide all communications concerning the employment of William Carmack and concerns, complaints and/or retaliation concerning David Matlock.

**OBJECTION:**      None.

**ANSWER:**      The parties have agreed to extend the date of production in light of the ongoing negotiations as to the search queries that will be used.

7.      Produce all notes, text messages, or voicemail messages from all relevant employees, including but not limited to David Matlock, Jeff Webb, Joe Mitchell, Adam Tolbert and defendants' human resource employees, and provide all communications concerning the employment of William Carmack and concerns, complaints and/or retaliation concerning David Matlock.

**OBJECTION:**      None.

**ANSWER:**      Defendants have no further responsive documents in light of RFP No. 6 and their October 26, 2018 disclosure.

8.      Provide documents showing plaintiff's compensation, benefits, and hours worked during his employment with SWVHEC.

**OBJECTION:**      None.

**ANSWER:**      See the documents Bates Stamped SWV000116 – SWV000139, which have been marked as CONFIDENTIAL.

9.      Provide copies of any agreements between the plaintiff and SWVHEC to waive jury trial rights or to arbitrate disputes.

**OBJECTION:**      None.

**ANSWER:**      Upon information and belief, Defendants have no documents responsive to RFP No. 9.

10.      Provide copies of all statement(s) identified in response to Interrogatory 5.

**OBJECTION:**      Defendants object to RFP No. 10 to the extent that it seeks protected attorney-client and work product.  Because RFP No. 10 does not restrict information regarding the allegations since the filing of the Complaint, such communications would involve communications with counsel, which would include the mental impressions, conclusions, opinions, and legal theories of the attorney. *Hickman v. Taylor*, 329 U.S. 495 (1947).

**ANSWER:**      In light of the foregoing objections, Defendants have no response to RFP No. 10.

11.      Provide copies of all expert reports(s) identified in response to Interrogatory 7.

**OBJECTION:**      Defendants incorporate by reference the objections related to Interrogatory No. 7.

**ANSWER:**      In light of the foregoing objections, Defendants have no response to RFP No. 11.

12.     Provide copies of all documents concerning the complaint(s) identified in response to Interrogatory 10.

**OBJECTION:**          Defendants incorporate by reference the objections related to Interrogatory No. 10.

**ANSWER:**          In light of the foregoing objections, Defendants have no response to RFP No. 12.

13.     If defendants allege that plaintiff was requested to provide information concerning his concerns of organizational integrity, that SWVHEC and its representatives engaged in misconduct, improprieties, policy violation, or retaliation, but failed to do so, provide all records related to the alleged requests for information.

**OBJECTION:**          Defendants object to RFP No. 13 on the basis that it is poorly worded to enable a coherent response.  It is unclear from RFP No. 13 what "concerns" means in the context of the Complaint, and appears to require Defendants to produce documents that establish Plaintiff did not provide information (i.e., proving a negative).  Moreover, Defendants are obliged to provide "discovery of nonprivileged matter relevant to a party's claims or defenses and proportional to the needs of the case."  Rule 26(b)(1).  RFP No. 13 does not seek discoverable information as the substance or the merit of Plaintiff's allegations concerning the management of SWVHEC is not at issue in this case.

**ANSWER:**          In light of the foregoing objections, Defendants have no response to RFP No. 13.

14.     Provide all records, documents, correspondence, communications, emails, advertisements, posters, postings, receipts, disbursements, invoices and other records, whether kept electronically or otherwise, including but not limited to financial records, concerning all

golf tournaments and fundraisers, including but not limited to the Richard Leigh fundraiser, held at the SWVHEC, or put on and/or hosted by David Matlock and/or the SWVHEC during the last three years.

**OBJECTION:**     Defendants object to RFP No. 14 on the basis that it seeks irrelevant information beyond the scope of the Complaint.  Defendants are obliged to provide "discovery of nonprivileged matter relevant to a party's claims or defenses and proportional to the needs of the case."   Rule 26(b)(1).   RFP No. 14 is not germane to Plaintiff's retaliation claims because it seeks documents regarding the activities of the Southwest Virginia Higher Education Foundation, a private organization that is a separate legal entity from SWVHEC.  Defendants are not obligated to provide documents possessed by the Southwest Virginia Higher Education Foundation, not being the custodian of such documents.

**ANSWER:**     In light of the foregoing objections, Defendants have no response to RFP No. 14.

15.     Provide all documents identified in defendant's Initial Rule 26 Disclosures.

**OBJECTION:**     None.

**ANSWER:**     Defendants have no further documents responsive to RFP No. 15 at this time.

16.     Provide all documents received by defendants now or in the future as a result of any subpoena issued at defendants' request in this matter.

**OBJECTION:**     Defendants object to RFP No. 16 to the extent it demands information related to future litigation strategies.  Any demand that Defendants produce documents related to planned subpoenas would divulge the mental impressions, conclusions, opinions, and legal theories of counsel, which is protected work product. *Hickman v. Taylor*, 329 U.S. 495 (1947).

**ANSWER:**          In light of the foregoing objections, Defendants have no response to RFP No. 16.

17.    Provide all documents reflecting seminars, education or training concerning employee reports of improprieties, concerns of organizational integrity, misconduct, policy violation, or retaliation for the benefit of employees of defendants.

**OBJECTION:**    Defendants object to RFP No. 17 on the basis that it overbroad and seeks irrelevant information beyond the scope of the Complaint.  Defendants are obliged to provide "discovery of nonprivileged matter relevant to a party's claims or defenses and proportional to the needs of the case." Rule 26(b)(1).    Because RFP No. 17 has no temporal or custodial restriction, it requires the production of information that exists prior to the allegations contained in the Complaint.

**ANSWER:**          Subject to the limitations identified in the foregoing objections, see the documents Bates Stamped SWV000140 – SWV000161.

18.    Provide all documents retrieved from the internet, including but not limited to social media accounts, concerning plaintiff.

**OBJECTION:**    Defendants object to RFP No. 18 on the basis that it is overbroad, seeks information in the custody and control of Plaintiff, and seeks irrelevant information beyond the scope of the Complaint.  Rule 26(b)(1).  Presumably, Plaintiff has control over his own social media accounts, so he is in a better position to access any information concerning him. Moreover, RFP No. 18 does not restrict based on who collected the information, meaning Defendants cannot determine where to collect responsive information.  Finally, RFP No. 18 is not limited by subject matter or to allegations in the Complaint.

**ANSWER:**          In light of the foregoing objections, Defendants have no response to RFP No. 18.

19.     Provide all documents sent to or received from any third party or agency concerning the plaintiff, including but not limited to any ombudsman, partner college/university representatives, OIG, DHRM, and Virginia State Senator Bill Carrico.

**OBJECTION:**     None.

**ANSWER:**          Defendants' response to RFP No. 6 shall fully respond to RFP No. 19.

20.     Provide all communications concerning the factual allegations or claims at issue in this lawsuit among or between:

      a.   The plaintiff and any employee of defendants; and,

      b.   The plaintiff's manager(s) and/or supervisor(s), and/or the defendants' human resources representative(s).

**OBJECTION:**     Defendants object to RFP No. 20 on the basis that it is duplicative to RFP No. 6.  Defendants have offered Plaintiff an Agreement with respect to the production of electronically stored information that is pending a consensus between counsel on adequate search queries.  It is impossible, given the dependence upon electronic data, to otherwise respond fully. Defendants cannot provide "all communications" at this time.

**ANSWER:**          In light of the foregoing objections, Defendants have no response to RFP No. 20.

21.     Provide all document(s) not previously provided upon which defendants rely to support their defenses, affirmative defenses, and counterclaims.

**OBJECTION:**     Defendants object to RFP No. 21 on the basis that it seeks protected work product.  Any demand that Defendants produce documents that would divulge the mental

impressions, conclusions, opinions, and legal theories of counsel seeks documents protected as work product. *Hickman v. Taylor*, 329 U.S. 495 (1947).

**ANSWER:**          In light of the foregoing objections, Defendants have no response to RFP No. 21.

22.    Provide all documents concerning any corrective actions taken against plaintiff.

**OBJECTION:**    Defendants object to RFP No. 22 on the basis that it seeks irrelevant information beyond the scope of the Complaint.  Rule 26(b)(1).  Corrective actions were never taken against Plaintiff and Plaintiff makes no such claim.

**ANSWER:**          In light of the foregoing objections, Defendants have no response to RFP No. 22.

23.    Provide all documents concerning the termination of plaintiff's employment, including but not limited to all documents relating to the elimination of plaintiff's position.

**OBJECTION:**    Defendants object to this request to the extent that it characterizes Plaintiff's separation from employment at the Center as a "termination."  Any response by Defendants to this request in no way concedes that Plaintiff was terminated when, in fact, his position was eliminated due to agency restructuring and he was provided full benefits of such elimination pursuant to the WTA.

**ANSWER:**          See Defendants' response to RFP No. 6 and October 26, 2018 disclosures.

24.    Provide all documents reflecting the elimination of positions under the Workforce Transition Act ("WTA") during the last five years identified in the answer to interrogatory number 15.

**OBJECTION:**    None.

**ANSWER:**          See the documents Bates Stamped SWV000162 – SWV000295.

19

25.     Provide all documents reflecting the elimination of any senior financial personnel, such as V.P of Finance or Chief Financial Officers, positions at any higher education center, regardless of title, within the Commonwealth of Virginia during the last five years.

**OBJECTION:**          Defendants object to RFP No. 25 on the basis that it seeks irrelevant information beyond the scope of the Complaint.  Rule 26(b)(1).   Claims asserting retaliation for engaging in protected activity do not require inquiry into comparisons or comparators.  Further, Defendants, as former employers of Plaintiff, do not control documents concerning "any higher education center" in the Commonwealth.

**ANSWER:**             In light of the foregoing objections, Defendants have no response to RFP No. 25.

26.     Provide all Board of Trustees meeting minutes for the last 3 years.

**OBJECTION:**          None.

**ANSWER:**             See the documents Bates Stamped SWV000296 – SWV000355.

27.     Produce the personnel file of David Matlock.

**OBJECTION:**          None.

**ANSWER:**             See the documents Bates Stamped SWV000356 – SWV000416, which has been marked as CONFIDENTIAL.

28.     Produce all documents related to the end of Janet Williams' employment, including but not limited to all correspondence, memos, e-mails, notes, forms and other documents and paperwork submitted regarding her retirement.

**OBJECTION:**          None.

**ANSWER:**             See the documents Bates Stamped SWV000417 – SWV000493, which has been marked as CONFIDENTIAL.

20

29.     Produce all documents related to the end of Joyce Brooks' employment, including but not limited to all correspondence, memos, e-mails, notes, forms and other documents and paperwork submitted regarding her retirement.

**OBJECTION:**     None.

**ANSWER:**     See the documents Bates Stamped SWV000494 – SWV000573, which has been marked as CONFIDENTIAL.

30.     To the extent defendants claim that plaintiff's employment was terminated for financial reasons, provide all financial statements and records of receipts and disbursements for SWVHEC during the last seven (7) years.

**OBJECTION:**     Defendants object to RFP No. 30 because it is disproportionate to the needs of the case and seeks irrelevant information beyond the scope of the Complaint.  Rule 26(b)(1).  The request for "all financial statements and records of receipts and disbursements" does not comport with the requirements of the WTA process or its application to Plaintiff's layoff.  Defendants further object to this request to the extent that it characterizes Plaintiff's separation from employment at the Center as a "termination."  See objection to Request for Production No. 23.

**ANSWER:**     In light of the foregoing objections, Defendants have no response to RFP No. 30.

31.     Provide copies of all paycheck stubs provided to plaintiff.

**OBJECTION:**     Defendant objects to RFP No. 31 because it is disproportionate to the needs of the case, and Plaintiff has equal access to the information.  Rule 26(b)(1).  Carmack received his pay thorough the Commonwealth's electronic payroll system and has equal access to his pay information and documents as do Defendants.

21

**ANSWER:**          In light of the foregoing objections, Defendants have no response to RFP No. 31.

32.     Provide all organizational charts for SWVHEC during the last five years.

**OBJECTION:**     None.

**ANSWER:**          See the documents Bates Stamped SWV000574 – SWV000579.

33.     Provide all organizational charts for the other higher education centers in Virginia during the last five years.

**OBJECTION:**     Defendants object to RFP No. 33 on the basis that it seeks information that is beyond the control of Defendants and the scope of the Complaint.  Rule 26(b)(1).  The speech-related claims and allegations of retaliation for protected activity do not require inquiry into comparisons or comparators.  Further, Defendants, as Plaintiff's former employer, do not control documents, including organizational charts, for the other higher education centers in the Commonwealth.

**ANSWER:**          In light of the foregoing objections, Defendants have no response to RFP No. 33.

34.     Provide the tax returns for Higher Ed Center Foundation for the past seven years.

**OBJECTION:**     Defendants object to RFP No. 34 on the basis that it seeks irrelevant information that is beyond the scope of the Complaint and Defendants' possession and control.  Rule 26(b)(1).  This request is not germane to Plaintiff's retaliation claims and, presumably, seeks documents regarding the activities of the Southwest Virginia Higher Education Foundation, a private organization that is a separate legal entity from SWVHEC.  Defendant Matlock is not obligated to provide documents possessed by the Southwest Virginia Higher Education Foundation, not being the custodian of such documents.

22

**ANSWER:**          In light of the foregoing objections, Defendants have no response to RFP No. 34.

35.    Provide all documents related to plaintiff's complaints related concerns of organizational integrity, or alleging that SWVHEC or any of its representatives engaged in misconduct, improprieties, policy violation, or retaliation, including but not limited to all records related to Hotline Case # 16077 and all investigation records and corrective actions taken related thereto.

**OBJECTION:**     None.

**ANSWER:**          Defendants' response to RFP No. 6 shall fully respond to RFP No. 19.

36.    Produce all records related to promotions and raises given to any employee since plaintiff's employment was terminated.

**OBJECTION:**          Defendants object to RFP No. 36 on the basis that it seeks irrelevant information that is beyond the scope of the Complaint. Rule 26(b)(1). Plaintiff's retaliation claims contain no allegations related to promotions or raises given to other individuals. Defendants object to this request to the extent that it characterizes Plaintiff's separation from employment at the Center as being "terminated." See Defendants objection to Interrogatory No. 13.

**ANSWER:**          In light of the foregoing objections, Defendants have no response to RFP No. 36.

37.    Produce all job postings for all positions filled in the last three years.

**OBJECTION:**     None.

**ANSWER:**          See the documents Bates Stamped SWV000580 – SWV000680.

38.    Produce all records concerning plaintiff's compensation for being the interim director.

**OBJECTION:**          Defendants object to RFP No. 38 on the basis that it seeks irrelevant information that is beyond the scope of the Complaint. Rule 26(b)(1). Plaintiff's retaliation claims contain no allegations related to the time period during which he served as interim director.

**ANSWER:**          In light of the foregoing objections, Defendants have no response to RFP No. 38.

39.     Produce all records related to Matlock offering all schools in southwest Virginia the opportunity to go to the robotics competition referenced in Complaint paragraph 6(a), all responses by the schools, and records of reimbursement to any school for going to said competition.

**OBJECTION:**          None.

**ANSWER:**          See the documents Bates Stamped SWV000681 – SWV000682.

40.     Provide all executive committee meeting minutes for the last 4 years.

**OBJECTION:**          None.

**ANSWER:**          See the documents Bates Stamped SWV000683 – SWV000700.

41.     Provide personnel file and records reflecting credentials for Adam Tolbert, Hannah Heitala, Sonya Vanhook, Jeff Webb Eli Heitala, and Debbie Hensley.

**OBJECTION:**          Defendants object to RFP No. 41 on the basis that it is overbroad and seeks irrelevant information that is beyond the scope of the Complaint. Rule 26(b)(1). The individuals listed in RFP No. 41 have not been accused of wrongdoing, so it is unclear how these individuals' actions directly bear on any claim or defense in this case. *Cason v. Builders Firstsource-Southeast Group, Inc.*, 159 F. Supp. 2d 242, 247 (W.D.N.C. 2001). Moreover, the request for the entire personnel files is overbroad and requires the production of sensitive information.

**ANSWER:**          In light of the foregoing objections, Defendants have no response to RFP No. 41.

42.     Provide records of receipts and disbursements of the SWVHEC Foundation for the past 7 years.

**OBJECTION:**     Defendants object to RFP No. 42 on the basis that it seeks irrelevant information that is beyond the scope of the Complaint.   Rule 26(b)(1).   It is unclear how disbursements to the SWVHEC Foundation relate to Plaintiff's retaliatory discharge claims, which focus on the legal characterization of his speech and the motives underlying his cessation of employment.   Moreover, the Southwest Virginia Higher Education Foundation is a private organization that is a separate legal entity from the Center.   Defendants are not obligated to provide documents possessed by the Southwest Virginia Higher Education Foundation, not being the custodian of such documents.

**ANSWER:**     In light of the foregoing objections, Defendants have no response to RFP No. 42.

I, David Matlock, as duly appointed representative of the Southwest Virginia Higher Education Center and as Defendant in my individual capacity, state that I have read the foregoing Responses to Plaintiff's First Set of Interrogatories and know the contents thereof; that the same is true to the best of my knowledge, except as to matters stated to be alleged on information and belief; and that as to those matters, I believe it to be true.

David Matlock

Pursuant to Fed. R. Civ. P. 33(b)(5), the foregoing Objections to Plaintiff's First Set of Interrogatories are made in good faith and based upon reasonable grounds.

Respectfully submitted,

Ryan S. Hardy (VSB No. 78558)
Assistant Attorney General
M. Elizabeth Griffin (VSB No. 37745)
Senior Assistant Attorney General
Office of the Attorney General
202 North 9th Street,
Richmond, Virginia 23219
Telephone:   (804) 786-0969
Facsimile:   (804) 371-2087
Email: rhardy@oag.state.va.us
Email: egriffin@oag.state.va.us

*Counsel for Defendants*

Mark R. Herring
Attorney General of Virginia

Samuel T. Towell
Deputy Attorney General

Tara Lynn Zurawski
Senior Assistant Attorney General/Section Chief

## CERTIFICATE OF SERVICE

I hereby certify that on the 29th of November 2018, I sent a copy of the foregoing document via electronic mail to the following counsel of record for the Plaintiff:

Terry N. Grimes, Esq. (VSB No. 24127)
Brittany M. Haddox, Esq. (VSB No. 86416)
320 Elm Avenue, SW
Roanoke, Va. 24016-4001
(540) 982-3711
(540) 345-6572 (fax)
tgrimes@terryngrimes.com
bhaddox@terryngrimes.com
Counsel for Plaintiff

Ryan S. Hardy (VSB No. 78558)
Assistant Attorney General
Office of the Virginia Attorney General
202 North 9th Street
Richmond, Virginia 23219
Telephone:  (804) 786-0969
Facsimile:  (804) 371-2087
Email: rhardy@oag.state.va.us

*Counsel for Defendants*