IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ABINGDON DIVISION

| | |
|---|---|
| WILLIAM D. CARMACK, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 1:18-cv-31 |
| v. ) | |
| ) | |
| COMMONWEALTH OF VIRGINIA, ET AL., ) | By: Hon. Michael F. Urbanski |
| ) | Chief United States District Judge |
| Defendants. ) | |

## ORDER

This matter is before the court on plaintiff William D. Carmack's motion for sanctions, ECF No. 71. Carmack's motion relates to two productions which occurred on March 15 and March 22, 2019. The March 15 production, which included roughly 2,500 documents and which Carmack characterizes as a "document dump," occurred three (3) days after Carmack's deposition on March 12, 2019 and approximately fifty (50) days after the deposition of defendant David Matlock.[1] The March 22 production occurred three (3) days after the close of discovery on March 19, 2019, and included two emails, Exhibit 1, ECF No. 64-2, and Exhibit 2, ECF No. 64-3, attached to defendants' motion for summary judgment, ECF No. 63. These emails contained memoranda from the Chief of Staff to then-Virginia Governor Terry McAuliffe mandating a five (5) percent budget reduction for all state agencies, "excluding Institutions of Higher Education." Matlock cites to and relies upon Exhibits 1 and 2 in his declaration, ECF No. 64-1. Matlock's declaration is frequently cited in defendants' motion for summary judgment. Carmack describes these emails as the "heart" of Matlock's declaration, and the "lynchpin" of defendants' case. ECF No. 71, at 6.

---

[1] The March 15 production also occurred after the depositions of Joyce Brooks, Christine Fields, and Janet Williams on February 23, 2019.

1

The court held a hearing on the record and heard argument on this and other motions noticed by the parties on May 16, 2019. The defendants conceded at this hearing, as well as in their response in opposition to the motion for sanctions, ECF No. 75, that Exhibits 1 and 2 were responsive to initial discovery requests. The defendants also conceded that these emails were inadvertently not produced until after the depositions of principal witnesses and after the close of discovery on March 19, 2019. Lastly, the defendants acknowledged that they relied on some of the documents contained in the March productions, including Exhibits 1 and 2, in their motion for summary judgment.

Carmack claims that defendants' failure to produce documents, particularly Exhibits 1 and 2, in a timely fashion was deliberate and, in any event, deprived him of the opportunity to conduct discovery related to and question witnesses about these documents during depositions.[2] ECF No. 71, at 6. Carmack moves the court for an order (1) striking Matlock's declaration, ECF No. 64-1, presumably in its entirety, and various exhibits from the record, and (2) precluding defendants' use of any information contained therein in support of their motion for summary judgment or as evidence at trial, and for an award of attorney's fees and costs.

I.

Rule 37 of the Federal Rules of Civil Procedure provides for sanctions in the event a party fails to properly disclose or supplement a disclosure:

(c) Failure to Disclose, to Supplement an Earlier Response, or to Admit.
    (1) Failure to Disclose or Supplement. If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless. In addition to or instead of this sanction, the court, on motion and after giving an opportunity to be heard:
        (A) may order payment of the reasonable expenses, including attorney's fees, caused

---

[2] The plaintiff also contends that the defendants never identified the author of Exhibits 1 & 2, then-Governor Terry McAuliffe's Chief of Staff, Paul Reagan, as a person having knowledge of the facts of this case. ECF No. 71, at 7.

    by the failure;
    (B) may inform the jury of the party's failure; and
    (C) may impose other appropriate sanctions, including any of the orders listed in Rule 37(b)(2)(A)(i)-(vi).

Fed. R. Civ. P. 37(c)(1). "The court has 'broad discretion' to determine whether an untimely disclosure is substantially justified or harmless." Gallagher v. S. Source Packaging, LLC, 568 F. Supp. 2d 624, 631 (E.D.N.C. 2008) (citing S. States Rack & Fixture, Inc. v. Sherwin-Williams Co., 318 F.3d 592, 597 (4th Cir. 2003)). In determining whether nondisclosure of evidence is substantially justified or harmless, the Fourth Circuit considers the following factors: (1) the surprise to the party against whom the witness was to have testified; (2) the ability of the party to cure that surprise; (3) the extent to which allowing the testimony would disrupt the trial; (4) the explanation for the party's failure to name the witness before trial; and (5) the importance of the testimony. Hoyle v. Freightliner, LLC, 650 F.3d 321, 329 (4th Cir. 2011) (citing Southern States Rack and Fixture v. Sherwin–Williams Co., 318 F.3d 592, 596 (4th Cir. 2003)); see Sprint Nextel Corp. v. Simple Cell Inc., 248 F. Supp. 3d 663, 677 (D. Md. 2017) (holding that district courts may but are not required to examine all of the factors).

## II.

With respect to both the March 15 and March 22, 2019 productions, defendants assert that Carmack's "threadbare" and "scattershot" allegations of prejudice do not suffice to justify the imposition of sanctions. ECF No. 75, at 1. The defendants further assert that because they have not relied on most of the March 15 production to support their "consistent defenses throughout the case, complete exclusion of these documents is inappropriate." ECF No. 75, at 8. Carmack contends that he was prejudiced by not having the opportunity to review and question various deponents about documents produced in an untimely and/or dilatorily manner. The court agrees both that exclusion is unjustified, but that some remedy is necessary to address the fact that defendants failed

3

to produce pertinent documents in a timely fashion.

With respect to the two (2) emails contained in Exhibits 1 and 2 specifically, defendants contend that their existence and substance (i.e., the five (5) percent gubernatorial budget reduction mandate) were mentioned and/or alluded to numerous times such that there is no colorable argument for any claim of "surprise." ECF No. 75, at 10. They further assert that because the budget reduction mandate itself was mentioned "multiple times" during Matlock's deposition and alluded to in other disclosed documents, Exhibits 1 and 2 were substantively "cumulative," and therefore, their failure to timely disclose these exhibits was "harmless." Id. at 9-10.

In the same breath, however, the defendants make several contentions which underscore lines of inquiry which might have been explored but for their failure to disclose. They note, for example, that the "content of the emails is important because it corroborates Matlock's testimony that the Center would have budget cuts for the next two fiscal years, and Matlock was required to emphasize 'recurring' savings in his budget plan." Id. at 10. They further note that Exhibits 1 and 2 indicate "precisely how and when Matlock learned of the budget reduction mandate." Id. The court is unpersuaded that passing references to this email correspondence during Matlock's deposition or that mere mention of the budget reduction mandate in other documents render the content of Exhibits 1 and 2 "cumulative." The court is similarly unpersuaded that references to the budget reduction mandate render the failure to produce the emails themselves "harmless." Carmack notes, for example, that given that the emails ostensibly mandating that the Center reduce its budget by five (5) percent appear to exclude "Institutes of Higher Education," he would have asked Matlock, among others, why they believed the mandate applied to the Center.

Furthermore, it is clear from the record that Exhibits 1 and 2 are a sufficiently important part of the defendants' defense theory, to wit, that Matlock determined that an appropriate response

4

to the five (5) percent budget reduction mandate included abolishing the Chief Financial Officer ("CFO") position, that they ought to have been disclosed prior to the depositions of principal witnesses. The extent to which the content of these emails undergirds defendants' ostensibly legitimate, non-retaliatory basis for abolishing the CFO position is self-evident on the face of Matlock's declaration and defendants' motion for summary judgment. Indeed, Matlock asserts that the emphasis in these emails (Exhibits 1 and 2) on "recurring" savings influenced his decision to abolish positions rather than draw on general funds and/or surpluses.[3] These emails are consistently described by defendants on brief as the starting point for Matlock's decision-making process, and, inasmuch as their receipt by Matlock was also an inflection point in this case, their untimely disclosure cannot be ignored or countenanced by the court.

Nonetheless, for many of the same reasons that these documents ought to have been disclosed, the court will not strike them, or Matlock's declaration, from the record at this time. Instead, in the interest of fairness and in the hope of having a fully developed record, the court will provide plaintiff with leave to re-depose witnesses in accordance with the terms outlined below. While the re-opening of depositions is disfavored as a general rule, existing case law, as well as common sense, supports allowing re-deposal where a party fails to disclose relevant information which it later reveals only after an intervening deposition has occurred. See, e.g., Dixon v. Certainteed Corp., 164 F.R.D. 685, 690-92 (D. Kan. 1996). The court deems that this is an appropriate remedy and one which is frequently utilized by courts under similar circumstances. See, e.g., Doe v. Northside I.S.D., 884 F. Supp. 2d 485, 497-98 (W.D. Tex. 2012); Sternhagen v. Dow

---

[3] The defendants reaffirmed at the May 16, 2019 that Exhibits 1 and 2 reinforce and corroborate Matlock's testimony in his declaration concerning the budget reduction mandate and noted that they also tie into Matlock's "business decision" to abolish positions through a Workforce Transition Act, Va. Code Ann. § 2.2-3201 et seq. proposal rather than draw on non-general or surplus funds to cover the reduction.

5

Co., 108 F. Supp. 2d 1113, 1121 (D. Mont. 1999); BreathableBaby, LLC v. Crown Crafts, Inc., No. 12-CV-94 PJS/TNL, 2013 WL 3350594, at *7 (D. Minn. May 31, 2013); Nutramax Labs., Inc. v. Twin Labs. Inc., 183 F.R.D. 458, 471 n.23 (D. Md. 1998).[4]

## III.

With respect to the pending motion to strike defense declarations, ECF No. 77, of Henry, Henken, and Tolbert, attached to defendants' reply brief, ECF No. 74, the court would note that all three declarants were named by defendants' in their initial disclosures as individuals with knowledge of Matlock's restructuring proposal and its later implementation. Therefore, the court is disinclined at this time to allow for their deposition after the close of discovery. Nevertheless, the court orders that defendants indicate in their response to this motion whether the exhibits attached to those declarations (Henry, Henken, and Tolbert), as well as those exhibits attached to the second Hardy declaration, ECF No. 74-4, were produced during the discovery period.

Accordingly, the court orders as follows:

(1) Carmack's motion for sanctions, ECF No. 71, is **GRANTED**.

  (a) Carmack may take supplemental depositions of the following witnesses limited to the information in the documents produced on March 15 and March 22, 2019:

   i. Joyce Brooks
   ii. Christine Fields
   iii. Janet Williams
   iv. David Matlock

  (b) Carmack may take the deposition of Paul Reagan, the former Chief of Staff to then-Governor Terry McAuliffe, limited to the topic of the emails produced on

---

[4] In accordance with defendants' voluntary withdrawal of emails attached to Henken's declaration, ECF No. 74-1, at 14-19, these documents will not be considered by the court. The court will note that given that nearly 2,500 documents are at issue in the March 15 production and given neither party provided an individualized analysis of these documents, the court will permit questioning as to any of these documents subject to the limitations set forth in this order.

6

March 22, 2019.

    (c) These depositions are limited to **two (2) hours** each and must be taken within **thirty (30) days** of the entry of this order. With respect to these depositions, defendants shall pay plaintiff's attorney's fees and court reporter fees.

(2) It is **ORDERED** that such additional discovery shall be completed by June 21, 2019. Carmack has until July 12, 2019 to file any supplemental opposition to defendants' motion for summary judgment, ECF No. 63, based on additional discovery. The defendants must respond by July 26, 2019. The court will rule on the motion for summary judgment without additional argument.

(3) The trial in this matter, currently set for June 17-19, 2019, is continued indefinitely pending further order of the court.

It is **SO ORDERED**.

Entered: May 22, 2019

/s/ Michael F. Urbanski

Michael F. Urbanski
Chief United States District Judge

7